UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY T. GRAHAM,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | Civil Action No. 11-0149 (GK) |
| : | |
| **B.A. BLEDSOE** *et al.*, : | |
| : | |
| **Respondents.** : | |

**MEMORANDUM OPINION**

In this habeas corpus action transferred from the Middle District of Pennsylvania, Petitioner challenges his conviction entered by the Superior Court of the District of Columbia. For the following reasons, the petition will be **denied**.

**I. BACKGROUND**

Petitioner, confined at the United States Penitentiary in Lewisburg, Pennsylvania, is serving a sentence of 10 to 30 years' imprisonment as a result of his conviction by a Superior Court jury on February 2, 1995, for possession with intent to distribute ("PWID") crack cocaine. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 2; *see Graham v. U.S.*, 895 A.2d 305, 306 (D.C. 2006) (explaining that Petitioner "was convicted of the lesser included offense of unarmed PWID."). The D.C. Court of Appeals affirmed Petitioner's conviction on January 31, 2001, and denied his motion to recall the mandate on July 23, 2001. Pet. at 3. In addition, the Superior Court denied Petitioner's motion for post-conviction relief under D.C. Code § 23-110 on July 17, 2002, a decision affirmed by the D.C. Court of Appeals on January 30, 2006. *Id*. at 4; *see Graham, supra*.

On December 17, 2010, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, which, in turn, considered the petition as one brought under 28 U.S.C. § 2254, and transferred it to this Court. *See* Order [Dkt. # 4]. As grounds for habeas relief, Petitioner claims (1) that the trial court erred in refusing to suppress certain evidence, (2) that his appellate counsel was ineffective in failing "to file a post-conviction 23-110 motion arguing" the ineffectiveness of trial counsel "at the suppression hearing and at trial," (3) that the trial and appellate courts erred in denying his motion to dismiss on double jeopardy grounds, and (4) that the D.C. Court of Appeals erred "in recharacterizing [his] writ of habeas corpus in Superior Court into [a] 23-110 [motion] . . . without warning [him] of the adverse consequences." Pet. at 5-6.

## II. ANALYSIS

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243. It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). The statute provides that

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it

> also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). In *Williams v. Martinez*, the District of Columbia Circuit determined that § 23-110 does not bar a habeas petition challenging the effectiveness of appellate counsel "because the Superior Court lacks authority to entertain a section 23-110 motion challenging the effectiveness of appellate counsel." 586 F.3d 995, 999 (D.C. Cir. 2009). Thus, "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court." *Id*. at 1000.

As grounds for habeas relief, Petitioner claims that the trial court erred during a suppression hearing (Ground 1), and in denying his motion to dismiss on double jeopardy grounds (Ground 3). He has not demonstrated the inadequacy of the available local remedies to address those issues. *See* D.C. Code § 23-110(a) (authorizing D.C. prisoners to move to vacate, set aside, or correct a sentence "imposed in violation of the [U.S.] Constitution or the laws of the District of Columbia"). The fact that Petitioner did not prevail on such claims in the D.C. courts does not render the local remedy inadequate or ineffective. *See Garris*, 794 F.2d at 727 ("mere lack of success on [direct] appeal does not pave the way for collateral attack") (footnote and citations omitted); *cf. Bruton v. Ashcroft*, 48 Fed. Appx. 336 (D.C. Cir., Oct. 4, 2002) ("The [28 U.S.C.] § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied.") (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases)); *Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Because the foregoing grounds for habeas relief could have been raised by motion under § 23-110,

this Court finds that it lacks jurisdiction to entertain them.[1] *See Williams*, 586 F. 3d at 998 ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

Because Petitioner pursued his claim of ineffective assistance of appellate counsel (Ground 2) by moving in the D.C. Court of Appeals to recall the mandate, he may proceed in this Court on that claim under "the standard set forth in 28 U.S.C. § 2254." *Williams*, 586 F.3d at 1002. Petitioner claims that appellate counsel was ineffective for allegedly failing to file a § 23-110 motion to challenge the effectiveness of trial counsel's performance. Pet. at 5. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see Johnson v. Stansberry*, 2010 WL 358521, at * 1 (D.D.C., Jan. 29, 2010) ("To the extent that Johnson's claim of ineffective assistance of counsel extends to counsel's performance in representing Johnson in a § 23-110 motion, or counsel's refusal to assist in the § 23-110 motion, the claim must fail.") (citation omitted). Consequently, the Court, finding no basis for relief under § 2254, will deny Petitioner's habeas application. A separate Order accompanies this Memorandum Opinion.

April 18, 2011

/s/
GLADYS KESSLER
United States District Judge

---

[1] In Ground 4 of the petition, Petitioner claims that the D.C. Court of Appeals erred in recharacterizing his habeas petition as one for relief under D.C. Code § 23-110. Pet. at 6. But "federal district courts . . . have no authority to review a final judgment of a state court that has acted in its judicial capacity . . . . Only the United States Supreme Court has that power." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citations omitted).