# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JERRY T. GRAHAM,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 11-0149 (GK) |
| | : | |
| **B.A. BLEDSOE** *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

The United States Court of Appeals for the District of Columbia Circuit has remanded in part this action for a writ of habeas corpus for this Court to address "in the first instance": (1) "appellant's second petition for habeas relief, docketed on March 25, 2011, as a 'supplemental memorandum' to his first petition" and (2) "the claim made in the addendum and memorandum in support of appellant's first habeas petition that counsel in Graham's direct appeal of his drug conviction was ineffective for, inter alia, failing to raise the ineffectiveness of Graham's trial counsel." No. 11-5104, Order (Dec. 9, 2011) at 1.

### I. BACKGROUND

Petitioner was charged in a multi-count indictment with possession of cocaine with intent to distribute ("PWID") while armed, first-degree murder while armed, and two related firearms violations. "The murder counts related to the shooting of an individual in a carry-out restaurant . . . on February 27, 1994. The drug counts related to items found on [Petitioner] when he was arrested following a police pursuit . . . after the shooting." Addendum to Title 28 U.S.C. 2241(c)(3) ("Addendum") [Doc. # 1-1], Attachment (*Graham v. United States*, No. 95-CO-287 (Feb. 14, 1996),

Memorandum Opinion and Judgment at 1).  The drug counts were severed from the murder and firearms counts, and separate trials ensued in the Superior Court of the District of Columbia.  *See Graham v. United States*, 895 A.2d 305, 306 (D.C. 2006).  On the drug charge, a jury convicted Petitioner of the lesser-included offense of unarmed PWID.  *Id*.  Following a separate jury trial, Petitioner was convicted of the murder and firearms charges.  *Id*.  The District of Columbia Court of Appeals affirmed each conviction in separate appeals.  *See id*. (citing *Graham v. United States*, No. 95-CF-786, 792 A.2d 1072 (Table) (D.C. Jan. 31, 2001) (PWID conviction) (unpublished); *Graham v. United States*, No. 97-CF-240 (D.C. Jan. 8, 2002) (murder and firearms convictions) (unpublished)).  On January 30, 2006, the D.C. Court of Appeals affirmed the denial of Petitioner's motion for relief from the PWID conviction under D.C. Code § 23-110.  *See Graham*, 895 A.2d at 307-8.

## II. REVIEW STANDARD

An application for a writ of habeas corpus under § 2254

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Furthermore, in these proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id*. § 2254(e)(1).

**III. THE SECOND PETITION**[1]

In his second habeas petition, Petitioner challenges his convictions of first-degree murder, carrying a pistol without a license, and possession of a firearm during a crime of violence following a jury trial in Superior Court. Second Pet. [Doc. # 9] at 2. He was sentenced on January 31, 1997, to a prison term of 30 years to life. *Id*. Petitioner acknowledges that the foregoing convictions are based on "the same evidence and facts" supporting the PWID conviction. Mot. to Consolidate [Doc. # 6] at 1.

Petitioner claims that "trial counsel was ineffective from beginning to end of my case." Second Pet. at 5. Specifically, Petitioner claims that his trial counsel "failed to introduce any evidence pointing to my actual innocent [sic]" and that trial counsel "mishandled" identification evidence. Petitioner also claims that the prosecutor "fail[ed] to prove beyond a reasonable doubt all essential elements of the murder." *Id*.

As this Court explained in its initial ruling ("*Graham 1*") [Doc. # 12], it is well established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997). Absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote

---

[1] On March 25, 2011, another judge of this Court, concluded that a newly submitted habeas petition and the petition initiating this action were "substantially the same" and granted Petitioner's "[b]uried" motion to consolidate. Order [Doc. # 10]. As a result, the Clerk docketed the second petition on March 28, 2011, as a "Supplemental Memorandum" to the initial petition [Doc. # 9] , and docketed separately, *inter alia*, Petitioner's motion to consolidate [Doc. # 6].

omitted). The statute provides that

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Petitioner has not demonstrated the inadequacy of the available local remedy to address trial counsel's alleged ineffectiveness. *See* D.C. Code § 23-110(a) (authorizing D.C. prisoners to move to vacate, set aside, or correct a sentence "imposed in violation of the [U.S.] Constitution or the laws of the District of Columbia"); *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."). Therefore, the second petition provides no basis for issuing a writ of habeas corpus.

### IV. THE ADDENDUM TO THE INITIAL PETITION

In Ground Two of his initial habeas petition challenging the PWID conviction, Petitioner claimed that his appellate counsel was ineffective in failing "to file a post-conviction 23-110 motion arguing" the ineffectiveness of trial counsel "at the suppression hearing and at trial." Pet. at 5. Based on that stated ground and the supporting facts set forth in the petition, this Court found no basis for relief because the applicable habeas statute expressly precludes a claim of ineffective assistance of appellate counsel predicated on counsel's representation during collateral proceedings. *See Graham 1* at 4 (quoting 28 U.S.C. § 2254(i)).

A strained reading of Petitioner's Addendum [Doc. 1-1] and Memorandum of Points and Authorities in Support of Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. 2241(c)(3) ("Mem") [Doc. # 2] reveals that Petitioner also faults appellate counsel for failing to raise on direct appeal the ineffective assistance of trial counsel based on: (1) alleged trial errors arising

from a suppression hearing at which Petitioner alleges government witnesses committed perjury, *see* Addendum at 7-11,[2] (2) trial counsel's "not showing prosecutorial misconduct" stemming from the alleged perjured testimony at the suppression hearing, *id*. at 11-12, and (3) trial counsel's alleged failure to "explor[e] the fact that the government violated Petitioner's [constitutional] rights by placing [him] on [a] median strip" during a "show-up identification procedure" allegedly to make him appear taller. *Id*. at 16. In sum, Petitioner seems to assert that appellate counsel should have argued that "trial counsel failed to effectively litigate the Petitioner's motion to suppress evidence," apparently based in large part on the alleged suggestive identification of him at the crime scene.[3] Mem. at 2.

Under the circumstances presented, to determine whether counsel was constitutionally ineffective at trial or on direct appeal, the Court follows the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[4] First, Petitioner must show counsel's performance was so deficient that the representation "fell below an objective standard of reasonableness under prevailing professional norms." *United States v. Gwyn*, 481 F.3d 849, 853 (D.C. Cir. 2007) (restating the *Strickland* test). Second, this deficiency must have prejudiced the trial and/or appeal

---

[2] Because of the poor quality of the electronically scanned document, some portions of the 69-page document, including page numbers, are barely legible. Therefore, the Court will cite to the page numbers assigned by the electronic docket.

[3] In Petitioner's 70-page second petition where he claims ineffective assistance of trial counsel, he does not seem to also claim ineffective assistance of appellate counsel. Because the petition is not a model of clarity, however, the Court will assume for the sake of finality that this claim applies also to the separate appeal of the murder-firearms convictions.

[4] The Supreme Court has articulated two separate standards for evaluating the effectiveness of counsel in a criminal case. Under *United States v. Cronic*, 466 U.S. 648 (1984), courts will presume a *per se* violation of the Sixth Amendment right to counsel only " 'if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.' " *Bell v. Cone*, 535 U.S. 685, 697 (2002) (quoting *Cronic*, 466 U.S. at 659) (emphasis in original). Such is not the case here; thus *Strickland* guides the Court's analysis.

such that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. A court does not have to address both components of the inquiry if the petitioner makes an insufficient showing on one of them. *Strickland*, 446 U.S. at 697; *see Smith v. Robbins*, 528 U.S. 259, 285 (2000) (*Strickland's* test is the "proper standard for evaluating" ineffective assistance of appellate counsel claims). Here, Petitioner has failed to meet either prong of the *Strickland* test.

As the D.C. Court of Appeals noted in denying Petitioner's motion for relief under D.C. Code § 23-110 from the PWID conviction, "[t]he only claim pertinent to this case which was raised in appellant's motion was his assertion that the trial court had erred in denying his motion to suppress evidence. As the trial court recognized, he made the very same contention in the direct appeal from his conviction, and this court rejected it and affirmed the judgment in January 2001." *Graham*, 895 A.2d at 307. In addition, the instant record establishes that counsel challenged the "show-up identification" in both of Petitioner's direct appeals.

In affirming the PWID conviction, the D.C. Court of Appeals found that the evidence against Petitioner was "strong" and that "[t]he search of [Petitioner's] person incident to his arrest did not depend on [the show-up] identification . . . because Officer Padberg's observations alone established probable cause to arrest him." Mem. Op. and Judgment [Doc. # 1-1] at 2. In addition, the court determined that there was no "reasonable possibility that [the show-up] identification of [Petitioner] as the gunman at the restaurant contributed to [his] conviction of PWID, which was based on the police discovery in [Petitioner's] jacket pocket of some twenty-five ziplock [sic] bags containing crack cocaine." *Id*.

In the appeal of the murder and firearms convictions arising from the same incident, the D.C. Court of Appeals noted that it "had repeatedly upheld the validity of show-up procedures carried out,

6

as here, soon after the commission of the crime and the apprehension of a suspect, even though the suspect is then plainly in police custody," and it concluded that it found "no basis to fault the trial court's ruling that no undue suggestivity was present in the show-up herein." Mem. Op. and Judgment [Doc. # 6] at 1-2.

Furthermore, in addressing Petitioner's argument that he was convicted on insufficient evidence, the D.C. Court of Appeals dispelled any notion of an unreliable identification based on Petitioner's argument that the identifier "had only a side view of the shooter and [Petitioner's] height and complexion did not match the description he gave the police immediately after the shooting." *Id*. at 2. The court reasoned that the identifier had "testified that he looked at the shooter's face well enough that he would be able to recognize him the next time he saw him [and had] described the shooter's race, age and clothing to the police and [Petitioner] matched each of these when he was picked up." *Id*. The court also stated that "[t]wo police officers observed [Petitioner] emerging from the crime scene with gun in hand and fleeing the scene. The officers followed in hot pursuit, losing sight of him only for a brief interval before succeeding in arresting him." *Id*. Finally, the court acknowledged "certain inconsistences" in the identification of Petitioner but found them "not so significant as to prevent the jury from reaching a sustainable verdict of guilty." *Id*. at 3.

Petitioner seems to assert that appellate counsel was ineffective for failing to assign as specific error on direct appeal the ineffectiveness of trial counsel based on the foregoing issues, but he has not demonstrated any basis for such a claim. From all indications, trial counsel preserved the suppression issues for appeal and appellate counsel advanced them on appeal. Therefore, Petitioner has not shown that appellate counsel performed deficiently in failing to argue trial counsel's ineffectiveness. Even if he could make such a showing, the D.C. Court of Appeals' rejection of Petitioner's arguments on the merits based on evidence produced at Petitioner's trials would belie

7

any claim of resulting prejudice. *See Smith*, 528 U.S. at 285 (prejudice is demonstrated by showing a "reasonable probability" that but for counsel's deficient performance, the petitioner "would have prevailed on his appeal.") (citation omitted).

### V. CONCLUSION

For the foregoing reasons, the Court finds no grounds in either the second habeas petition or the addendum and memorandum supporting the initial habeas petition to warrant issuing a writ of habeas corpus under 28 U.S.C. § 2254.

The Clerk shall immediately transmit this Memorandum Opinion to the United States Court of Appeals for the District of Columbia Circuit.

January 26, 2012

/s/
GLADYS KESSLER
United States District Judge